[No. 11515–4–I. Division One. March 19, 1984.]

J. DAVID SMITH, *as Guardian, Appellant,* v. OLYMPIC BANK, *Respondent.*

*Wilfred E. Schlicker,* for appellant.

*Newton, Newton & Kight* and *Thomas D. Adams,* for respondent.

SODERLAND, J.*—Chad S. Alcombrack, age 7, was beneficiary of his grandfather's life insurance. His father, Charles Alcombrack, was appointed guardian. The life insurance company issued its check for the insurance proceeds of $30,588.39 payable to "Charles Alcombrack, Guardian of the Estate of Chad Stephen Alcombrack a Minor."

Charles Alcombrack endorsed the check as it was made out and deposited it in respondent bank. The money was deposited into a savings account and a checking account, both of which bore the single name of "Charles S. Alcombrack." No guardianship account was opened.

Except for $320, all of the funds were dissipated without regard to the minor's ownership of the funds and without regard to their guardianship status. Five withdrawals from the savings account by Charles Alcombrack, personally, were made either to cash or deposits to his checking account, totaling approximately $16,000. One withdrawal by Charles Alcombrack was used to pay off an unsecured personal loan he owed to the bank in the sum of approximately $2,900. Seven debits to the account were made by the bank exercising its right of offset to pay toward or pay off personal loans by the bank to Charles Alcombrack, in the approximate sum of $12,500. Charles Alcombrack's new wife was added as a signer to the checking account and made the majority of the withdrawals which were made by check.

---

*Judge Stanley C. Soderland is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

The minor's funds were depleted. J. David Smith has been appointed successor guardian. He received a judgment against Charles Alcombrack and instituted this suit against the bank. The trial court granted summary judgment dismissing Smith's suit against the bank.

The question is whether the bank was a holder in due course as a matter of law. If the bank was a holder in due course of the insurance company's check, it took the instrument free from all claims to it on the part of any person and has no liability to the guardianship estate. RCW 62A.3–305. Smith urges us to reverse the bank's summary judgment and to direct the trial court to enter judgment in behalf of the guardianship estate. Since summary judgment was entered for the bank, the bank has the burden of establishing that no material dispute of facts exists on this issue of holder in due course. *Duckworth v. Bonney Lk.,* 91 Wn.2d 19, 586 P.2d 860 (1978).

RCW 62A.3–302 provides:

Holder in due course. (1) A holder in due course is a holder who takes the instrument
(a) for value; and
(b) in good faith; and
(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

RCW 62A.3–304 provides:

Notice to purchaser. . . .
(2) The purchaser has notice of a claim against the instrument when he has knowledge that a fiduciary has negotiated the instrument in payment of or as security for his own debt or in any transaction for his own benefit or otherwise in breach of duty.
. . .
(4) Knowledge of the following facts does not of itself give the purchaser notice of a defense or claim . . .
(e) that any person negotiating the instrument is or was a fiduciary;

RCW 62A.1–201(25) provides:

A person has "notice" of a fact when (a) he has actual knowledge of it; or . . .

(c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.

In *Von Gohren v. Pacific Nat'l Bank,* 8 Wn. App. 245, 505 P.2d 467 (1973), a bookkeeper had authority to sign checks on her employer's account and to endorse checks in blank for deposit to her employer's account in the Bank of Yakima. She embezzled funds from her employer by writing checks to herself and by endorsing third party checks and depositing them in her own personal account in Pacific National Bank. The question was whether Pacific National Bank was a holder in due course. The bank argued that it was a holder in due course under RCW 62A.3–304(2) and (4)(e) unless it acted with actual knowledge of the fiduciary's breach or in bad faith. It argued that there is no reasonable care standard applicable to one dealing with a fiduciary. The court said:

> The flaw in this argument as applied to this case is twofold. In the first place, RCW 62A.3–304(2) establishes notice where the fiduciary deals with the instrument for his (her) own benefit. The act of depositing the third–party checks payable to her employer in her personal account is, we think, such a transaction. We can hardly conceive of a clearer case of "personal benefit" unless Mrs. Martin actually used the checks to pay personal debts, which of course she is free to do when her account has been credited by the amounts represented by the third–party checks.

> Secondly, we started this analysis by assuming that defendant was a holder for value. To make that assumption, defendant must have acquired the instruments by negotiation, by authorized signature or endorsement. *See* RCW 62A.3–404 and RCW 62A.1–201(43). The evidence is undisputed that Mrs. Martin was required by her actual authority to deposit these third–party checks in her employer's account in the Bank of Yakima. We could hardly conclude that her negotiation of the checks to defendant for deposit in her personal account was authorized.

> For these reasons, we conclude that defendant did not establish its status as a holder in due course of the third–

party checks as a matter of law, and, as a consequence, took them subject to plaintiff's claim. . . .

It is our view that since defendant had notice of the claim by virtue of RCW 62A.3–304(2), and since it is undisputed that defendant did nothing to investigate Mrs. Martin's authority to negotiate checks payable to her employer, we must hold as a matter of law it did not act in accordance with reasonable commercial standards.

8 Wn. App. at 254–55.

 There is a disputed question of fact as to what notice the bank had of a claim against this instrument made payable to the guardian. The mere fact that the person negotiating an instrument is a fiduciary does not of itself give notice of a claim against the instrument. A person has notice, however, if from the facts and circumstances he has reason to know a fact. Here, the check was made payable to a guardian, giving notice that the funds were owned by the minor. *Seattle–First Nat'l Bank v. Brommers,* 89 Wn.2d 190, 570 P.2d 1035 (1977). The bank had knowledge that the funds were deposited in the guardian's personal account, a transaction for his own benefit. The bank thereafter paid out the funds to the guardian for personal use and on his wife's signature. The bank set off funds to pay the guardian's personal loans to the bank. This raises an issue of fact as to the bank's status as a holder in due course.

Furthermore, the bank made no showing on the issue of good faith. A holder of an instrument must take an instrument in good faith in order to be a holder in due course. It was the bank's burden to show that there is no dispute of facts as to that issue.

The guardian alleges error in denying prejudgment interest and in denying attorney's fees and treble damages under the Consumer Protection Act, RCW 19.86.090. Those claims by Smith are consistent with his position that this court should direct a summary judgment in favor of the guardianship estate. Since the case is being remanded for further proceedings, it is necessary that those claims be first decided in the trial court.

The summary judgment in respondent's favor is reversed and remanded.

CORBETT, A.C.J., and SCHOLFIELD, J., concur.

Review granted by Supreme Court May 25, 1984.